UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-06246-MCS-PLA | Date | June 29, 2021 |
| Title | *Hughley v. Greenwald* | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (ECF No. 21)

Before the Court is Defendant Brandon Franklin Greenwald's Motion to Remand this action to Los Angeles County Superior Court. Mot., ECF No. 21. Plaintiff Maria Hughley filed an Opposition and Greenwald File a Reply. Opp., ECF No. 22; Reply, ECF No. 23. The Court deems this matter appropriate for decision without oral argument and vacates the hearing. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed this motor vehicle negligence action in Los Angeles County Superior Court. *See* Not. of Removal ("NoR"), ECF No. 1. Greenwald filed a cross-complaint asserting indemnity claims against Sean Hubbard based on Hubbard's actions within the course and scope of his employment with the United States. *Id.* Ex. 1. The United States therefore removed the action to this Court under 28 U.S.C. § 2679(d)(2) and 28 U.S.C. § 1346(b). *Id.* Pursuant to the parties' stipulation, the United States was dismissed with prejudice on March 31, 2021. *See* ECF No. 20. Greenwald now moves to remand, arguing that dismissal of the United States divested the Court's jurisdiction.

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A district court 'may decline to exercise jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)).

Jurisdiction over this case was premised on 28 U.S.C. § 1346(b), which vests jurisdiction in district courts for claims against the United States. It is undisputed that the Court dismissed all claims over which it had original jurisdiction when it dismissed the United States and that only Plaintiff's state law negligence claim against Greenwald remains. The Court therefore must decide whether to retain supplemental jurisdiction over Plaintiff's negligence claim.

Without citing authority, Plaintiff argues that the Court should retain jurisdiction over this claim to avoid delay in reaching trial and to prevent Greenwald from "forum shopping." Opp. 1-2. But Plaintiff filed in state court and the United States, not Greenwald, removed to this Court. Requiring Plaintiff to litigate in the forum she originally chose will not unfairly prejudice Plaintiff, and Plaintiff offers no persuasive reason for the Court to exercise supplemental jurisdiction. *See, e.g., Khosroabadi v. N. Shore Agency*, 439 F. Supp. 2d 1118, 1125 (S.D. Cal. 2006) ("A district court should dismiss a supplemental law claim where all of the claims over which it had original jurisdiction have been dismissed.") (citing *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726–27 (1966)). The Court thus declines to exercise supplemental jurisdiction and remand is mandatory.

## IV. CONCLUSION

The Court **GRANTS** the Motion and **REMANDS** this action to the Superior Court of California for the County of Los Angeles, No. 19STCV29182. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**